IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS MCCANTS, as Personal Representative and Administrator of the Estate of KAREY PETTWAY, deceased; LATOYA MCCANTS, in her capacity as surviving partially dependent child of KAREY PETTWAY, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO: 1:18-cv-62 |
| v. | ) ) ) | |
| BASF CORPORATION; JASON SLINKARD; REMEDIAL SERVICES, INC., et al. | ) ) ) ) | |
| Defendants. | ) | |

DEFENDANT BASF CORPORTATION'S ANSWER TO COMPLAINT

Defendant BASF Corporation ("BASF" or "Defendant") denies all allegations contained in the headings and introductory or unnumbered paragraphs in Plaintiffs' Complaint ("Complaint"). In response to the allegations in the specific numbered paragraphs in the Complaint, Defendant answers the Complaint as follows:

GENERAL ALLEGATIONS

1.     Defendant admits that Karey Pettway, deceased, died on November 7, 2017 while working at BASF's McIntosh, Alabama facility. Upon information and belief, Defendant admits that Plaintiff Marcus McCants is over the age of nineteen, but lacks information sufficient to form a belief as to the truth of the remaining citizenship allegations. To the extent a response is required

1

to the remaining allegations in Paragraph 1, Exhibit A to Plaintiffs' Complaint speaks for itself, and therefore no response is required.

2.          Upon information and belief, Defendant admits that Plaintiff LaToya McCants is over the age of nineteen, but lacks information sufficient to form a belief as to the truth of the remaining citizenship allegations.

3.          Defendant admits the allegations in Paragraph 3 of the Complaint to the extent Plaintiffs allege BASF is a foreign corporation doing business in Mobile County, Alabama. BASF Corporation affirmatively states that is a Delaware corporation, with a principal place of business in Florham Park, New Jersey and is qualified to do business in the State of Alabama. To the extent a response is required, Defendant admits the remaining allegations of Paragraph 3.

4.          Defendant admits that Jason Slinkard is over the age of nineteen years, is a resident of the State of Alabama and is employed by BASF at its McIntosh, Alabama facility as a site director. Defendant denies the remaining allegations in Paragraph 4.

5.          The allegations contained in Paragraph 5 are not directed at Defendant and therefore no response is required.

6.          Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them and demands proof thereof.

7.          Defendant admits that Karey Pettway was working at BASF's McIntosh, Alabama facility on November 7, 2017 where he died. The remaining allegations in Paragraph 7 require legal conclusions and therefore no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant admits that it was generally aware of the manner of work being performed by Remedial Services, Inc. at its McIntosh, Alabama facility. The remaining allegations in Paragraph 8 require legal conclusions and therefore no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 8.

9.      Denied. Defendant denies the remaining allegations contained in Paragraph 9.

10.      The allegations in this paragraph require legal conclusions, and therefore no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 10.

### FIRST CAUSE OF ACTION - NEGLIGENCE

11.      Defendant reaffirms and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

12.      Defendant denies the allegations contained in Paragraph 12.

13.      Defendant denies the allegations contained in Paragraph 13. Defendant denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph following Paragraph 13.

### SECOND CAUSE OF ACTION - WANTONNESS

14.      Defendant reaffirms and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

15.      Defendant denies the allegations contained in Paragraph 15.

16.      Defendant denies the allegations contained in Paragraph 16. Defendant denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph following Paragraph 16.

**THIRD CAUSE OF ACTION – WORKERS' COMPENSATION BENEFITS**

17.     Defendant reaffirms and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

18.     The allegations in Paragraph 18 are not directed at Defendant and therefore no response is required.

19.     The allegations in Paragraph 19 are not directed at Defendant and therefore no response is required.

20.     The allegations in Paragraph 20 are not directed at Defendant and therefore no response is required.

21.     The allegations in Paragraph 21 are not directed at Defendant and therefore no response is required.

22.     The allegations in Paragraph 22 are not directed at Defendant and therefore no response is required.

23.     The allegations in Paragraph 23 are not directed at Defendant and therefore no response is required.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant BASF denies that it is liable to Plaintiffs in any amount and requests judgment in its favor and against Plaintiffs, with prejudice and for any additional relief which this Court deems proper, and further demands strict proof of each element of each claim asserted by Plaintiffs, and of Plaintiffs' claimed injuries and damages.

## AFFIRMATIVE DEFENSES

Discovery and investigation of this case is in the early stages, and Defendant reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate.

Without assuming any burden of pleading, proof or persuasion where it otherwise rests with Plaintiffs, Defendant further pleads the following defenses to the claims alleged in the Complaint:

## First Defense

24.     Plaintiffs' claims are barred by the doctrine of contributory negligence.

## Second Defense

25.     Defendant pleads that the injuries and damages alleged were caused by events or conduct for which Defendant is not responsible.

## Third Defense

26.     Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## Fourth Defense

27.     Plaintiffs are not entitled to recover from this Defendant because the damages complained of were caused by the intervening, superseding and independent actions of persons or entities other than this Defendant, and for whom this Defendant owes no legal responsibility.

## Fifth Defense

28.     Defendant pleads that Mr. Pettway, the deceased, was employed by an independent contractor, over whom Defendant reserved no right of control or supervision.

## Sixth Defense

29.     Plaintiffs are not entitled to recover from this Defendant because a premises owner is not liable to an independent contractor for injuries from defects or dangers of which the contractor knows, or ought to know; nor from dangers and hazards arising in the course of the contracted-for work.

## Seventh Defense

30.     All material averments referable to this Defendant and not expressly admitted herein are denied.

## Eighth Defense

31.     Plaintiffs' claims are barred under the doctrine of assumption of the risk and informed consent.

## Ninth Defense

32.     This Defendant cannot be liable for the claims in Plaintiffs' Complaint due to lack of causal relation between Plaintiffs' alleged injuries and any alleged negligence and/or wantonness on the part of this Defendant.

## Tenth Defense

33.     Plaintiffs' claims may be barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery and setoffs.

## Eleventh Defense

34.     Plaintiffs' damages could have been avoided by the exercise of ordinary care.

## Twelfth Defense

35.     The alleged injuries were caused by the actions or omission of parties other than this Defendant, over whom BASF had no control, and any claims by Plaintiffs against this Defendant are due to be denied.

## Thirteenth Defense

36.     Defendant denies that it breached the applicable standard of care.

### Fourteenth Defense

37.     Defendant pleads the presence of unforeseeable acts or events which may have caused any injuries or damages alleged by Plaintiffs.

### Fifteenth Defense

38.     Plaintiffs' claims are barred because Mr. Pettway, the deceased, had the last clear chance to avoid the alleged incident.

### Sixteenth Defense

39.     Plaintiffs' lack standing or capacity to assert their claims, in whole or in part.

### Seventeenth Defense

40.     Plaintiffs' claims are barred against BASF pursuant to Alabama Code § 6-5-462 (2014) as they constitute unfiled "personal claims," which did not survive the death of Mr. Pettway.

### Eighteenth Defense

41.     Defendant denies it is guilty of conduct for which punitive damages could or should be awarded, and denies that Plaintiffs have produced clear and convincing evidence sufficient to support to sustain the imposition of punitive damages against Defendant.

### Nineteenth Defense

42.     Plaintiffs cannot recover punitive damages against Defendant because such an award, which is penal in nature, and would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**Twentieth Defense**

43.     Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)     use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)     any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)     the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)     under Alabama law and Federal procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Defendant's alleged wrongful or culpable conduct;

(g)     under Alabama law and Federal procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     under Alabama law and Federal procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)     in the event that an award of punitive damages is entered in this case, such an award would be imposed regardless of the degree of culpability of Defendant, and such an award could result in a verdict against Defendant whereby punitive damages could be assessed against Defendant based in part upon culpability of another party, and such verdict could be enforced against Defendant regardless of Defendant's culpability, or relative culpability;

(j)     should the Court require the award of punitive damages against Defendant, such an award would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)     an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(1)       an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(m)       Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n)       under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(o)       the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(p)       the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)       the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(r)       the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)       an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

**Twenty-First Defense**

44.     Plaintiffs are not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiffs' Complaint.

**Twenty-Second Defense**

45.     Plaintiffs' claims for punitive damages against Defendant are barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

**Twenty-Third Defense**

46.     Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

**Twenty-Fourth Defense**

47.     To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

**Twenty-Fifth Defense**

48.     In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than Plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

**Twenty-Sixth Defense**

49.     To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

**Twenty-Seventh Defense**

50.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

**Twenty-Eighth Defense**

51.     Plaintiffs' claims for punitive damages violate the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986) and Green Oil Company v. Hornsby, 539 So.2d 218 (Ala. 1989) is unconstitutionally vague and inadequate in the following respects:

(a)     The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

(c)      The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)      The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)      This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)      The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

## Twenty-Ninth Defense

52.      Plaintiffs' Complaint seeks to make Defendant liable for punitive damages. Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in <u>BMW of North America, Inc. v. Gore,</u> 116 S. Ct. 1589 (1996) and its progeny.

## Thirtieth Defense

53.      The demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

**Thirty-First Defense**

54.     The imposition of punitive damages sought by Plaintiffs violates Defendant's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)     Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)     Defendant had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c)     Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007), State Farm Mutual Automobile Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)     Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

### Thirty-Second Defense

55.     The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

**Thirty-Third Defense**

56.     Insofar as the punitive damage award sought by Plaintiffs seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Defendants rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article **1,** section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

**JURY DEMAND**

Defendant requests that Plaintiffs be required to prove by a preponderance of the evidence the charges and allegations which he has made against Defendant and to do so before a jury composed of twelve (12) citizens, as is required by the laws and constitution of the State of Alabama.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant BASF Corporation denies that Plaintiffs are entitled to any of the relief requested, prays that the Complaint be dismissed with prejudice with costs against Plaintiffs, in addition to any other relief that the Court deems just and proper.

Respectfully submitted,

/s/ *F.M. Haston, III*

F.M. Haston, III (HAS012)

F.M. Haston, III
thaston@bradley.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000

*One of the Attorneys for*
*Defendant BASF Corporation*

**OF COUNSEL:**
Edward S. Sledge, IV
esledge@bradley.com
Akya S. Rice
arice@bradley.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000

17

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, as well as mailed a copy via United States Mail, postage prepaid and properly addressed, to:

Robert S. Mitchell
Cunningham Bounds
Post Office Box 66705
Mobile, Alabama 36660
T: (251) 471-6191
F: (251) 479-1031
E: RLM@cunninghambounds.com

Remedial Services, Inc.
c/o John H. Cain
621 Baker Road
Satsuma, AL 36572

/s/ F.M. Haston, III
OF COUNSEL