IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS MCCANTS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:18-00062-JB-C |
| | ) |
| BASF CORPORATION; JASON SLINKARD; | ) |
| REMEDIAL SERVICES, INC., et al | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon due consideration of all issues raised, and a *de novo* determination of those parts of the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) (Doc. 39) to which objection is made, the Report and Recommendation is **ADOPTED in part**, as follows:

> The Court ADOPTS the Report and Recommendation that Plaintiffs' Motion to Remand (Doc. 15) be **DENIED**, and that Defendant Slinkard's Motion to Dismiss (Doc. 4) be **GRANTED** and that the claims against Defendant Slinkard be dismissed without prejudice.

The Court otherwise concludes that it lacks subject-matter jurisdiction of Plaintiff Latoya McCant's claim against Defendant Remedial Services, Inc. Her claim arises under the Alabama worker's compensation statute and therefore is barred from removal by 28 U.S.C § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). As such, Plaintiff Latoya McCant's claim against Defendant Remedial Services, Inc. must be and is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama. *See Lamar v. Home Depot*, 907 F.Supp. 2d 1311, 1313 (S.D.

1

Ala. 2012)(interpreting 28 U.S.C § 1445(c) and citing *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000)).

Plaintiffs' Alternative Motion to Conduct Limited Discovery (Doc. 15) is **MOOT** (Doc. 31).

Plaintiffs' Renewed Motions to conduct such discovery[1] and to submit an affidavit of John Frost[2] (Docs. 41 and 42 respectively) are **MOOT**.

The parties are **ORDERED** to file a Rule 26(f) Report with the Court not later than April 15, 2019.

**DONE and ORDERED** this 20th day of March, 2019.

s/JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

---

[1] In their Renewed Motion (Doc. 41), Plaintiffs sought to conduct the jurisdictional discovery set out in Plaintiffs' portion of a Rule 26(f) Report filed on April 18, 2018 (Doc. 34). However, in that Report, the Plaintiffs expressly preserved their objections to the discovery. Magistrate Judge Cassady sustained Plaintiffs' objections in an order dated May 9, 2018 (Doc. 38). Furthermore, Plaintiffs' note in their Renewed Motion that Judge Cassady indicated at a April 4, 2018 hearing that he would allow limited jurisdictional discovery, but that he then recommended denial of Plaintiffs' alternative motion to conduct such discovery in his May 30, 2018 Report and Recommendation. Judge Cassady's Report and Recommendation, however, makes clear that "[a]lthough the Court considered authorizing limited jurisdictional discovery as requested by the Plaintiffs, that request was abandoned after both Plaintiffs and BASF objected to the idea."

[2] In his May 9, 2018 Order (Doc. 38), Judge Cassady denied Plaintiffs' Motion for Leave to File Response to BASF's Reply to Plaintiffs' Motion to Remand (Doc. 24), in which Plaintiffs sought to file a Response Brief and affidavit of John Frost. Plaintiffs did not seek relief from that denial before entry of Judge Cassady's Report and Recommendation on May 30, 2018, and Plaintiffs' Motion is not addressed in it.